UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:21-cr-00030-SEB-TAB |
| | ) | |
| DARIEL HILL, | ) -01 | |
| | ) | |
| Defendant. | ) | |

**ORDER GRANTING MOTION TO DISMISS INDICTMENT**

Now before the Court is Defendant Dariel Hill's Motion to Dismiss the Indictment asserting a violation of the Speedy Trial Act, 18 U.S.C. § 3161(b). For the reasons stated herein, this motion is **granted.**

## Discussion

The docket reflects the following chronology: On October 3, 2020, Mr. Hill was arrested for violations of Indiana criminal statutes and taken into state custody. On December 8, 2020, the United States filed a federal criminal complaint against Mr. Hill commencing an action in our court. That same day, FBI Task Force Officer Ryan VanOeveren emailed the federal arrest warrant, which had been issued by Magistrate Judge Dinsmore, to the Marion County Jail where Mr. Hill was being held, specifically requesting that jail officials lodge the warrant as a hold on him.[1] The Government's brief states that the transmittal of the warrant was to "serve as a federal detainer on [Mr. Hill]." [Dkt. 20, at 1]. Though the Government argues in its briefing that the warrant was not executed at this time, Officer VanOeveren testified at the February 11, 2021

---

[1] The Government asserts that this email was sent on December 17, 2020, but the date appearing on the email is actually December 8, 2020.

preliminary hearing before the Magistrate Judge that he believed his email to the Marion County Jail served as the execution of the warrant.

The state dismissed its charges against Mr. Hill "in lieu of federal prosecution" on December 28, 2020, as noted on the state court docket. Though the state court judge ordered Mr. Hill's release from state custody, he has remained in custody in the Marion County Jail.

Thirty-eight days later, on February 4, 2021, Mr. Hill was federally indicted for the offense of Unlawful Possession of a Firearm by a Convicted Felon in violation of 18 U.S.C. § 922(g)(1). [Dkt. 5]. On February 11, 2021, Officer VanOeveren (virtually) appeared before the Magistrate Judge for the preliminary hearing on the indictment and to formally serve the arrest warrant on Mr. Hill.

Mr. Hill, by counsel, has filed a motion to dismiss the Indictment on the grounds that it was not filed within thirty days of his arrest on the federal charges, and thus the charge and his continued detention are in violation of the Speedy Trial Act.

The Speedy Trial Act provides: an "indictment charging an individual with the commission of an offense shall be filed within thirty days from the date on which such individual was arrested or served with a summons in connection with such charges." 18 U.S.C. § 3161(b). The Speedy Trial Act's thirty-day clock does not start until there is "both a federal charge and federal custody." *United States v. Clark*, 754 F.3d 401, 406 (7th Cir. 2014). When an indictment is not timely filed, the indictment "shall be dismissed or otherwise dropped." 18 U.S.C. § 3162(a).

Mr. Hill contends that his countdown began on December 28, 2020. That is correct, based on our review.

Where, as here, a criminal defendant is detained on state charges but federal charges are subsequently preferred, the Speedy Trial Act's clock begins to run when the person is "held for the purpose of answering to [the] federal charge." *See Clark*, 754 F.3d at 406 (quoting *United States v. Shahryar*, 719 F.2d 1522 (11th Cir.1983). Thus, in the case before us, once the state court charges against Mr. Hill were dropped on December 28, 2020, his continued detention at the Marion County Jail was based on the federal complaint against him.

The Government invokes the holding in *United States v. Clark*, where the Seventh Circuit rejected the criminal defendant's argument that he was "arrested" for Speedy Trial Act purposes, and the 30-day provision triggered, on the date the detainer was issued. The facts in *Clark* are obviously distinguishable from those in Mr. Hill's case. There, the federal complaint was filed and the detainer issued on the same day that the defendant was arrested for state law crimes, for which he was ultimately convicted. Four months later, while the defendant was serving his state sentence, a federal grand jury returned a twelve-count indictment against him. The Seventh Circuit reasoned that the detainer had not operated to "arrest" the defendant since he had not been "subject[ed] to any restraints beyond those that Wisconsin already was imposing legitimately." 754 F.3d at 407. With regard to Mr. Hill, he *was* clearly detained after the state charges were dismissed. The state dismissal, in fact, was specifically in lieu of federal prosecution. Thereafter, the only legal basis for his continued detention after December 28, 2020, was the federal detainer.

We reject the Government's argument that Mr. Hill was not technically "arrested" for Speedy Trial Act purposes until the warrant was formally served on him, which was February 11, 2021, in connection with the preliminary appearance on the Indictment. There can be no dispute that Mr. Hill suffered a "federal deprivation of liberty in connection with a detainer."

Clark, 754 F.3d at 407. When the detainer was executed following the dismissal of the state charges, it was an arrest for Speedy Trial Act purposes, entitling him to the protections therein. *See id.*

Because Mr. Hill's indictment was not timely filed within thirty days from his arrest on December 28, 2020, the indictment and the warrant based thereon must be dismissed.

## CONCLUSION

Defendant's Motion to Dismiss the Indictment and the accompanying warrant is **granted.**

IT IS SO ORDERED.

Date:   2/11/2021

*Sarah Evans Barker*
SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

Joseph Martin Cleary
INDIANA FEDERAL COMMUNITY DEFENDERS
joe_cleary@fd.org

Adam Eakman
UNITED STATES ATTORNEY'S OFFICE (Indianapolis)
adam.eakman@usdoj.gov